UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60500-Civ-COOKE/BANDSTRA

WENDY SELLERS,

    Plaintiff

vs.

HRB TAX GROUP, INC., *et al.*

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** is before me on the Plaintiff's Motion to Remand to the Seventeenth Judicial Circuit in and for Broward County, Florida [ECF No. 15], Defendants' Opposing Memorandum of Law to Plaintiff's Motion to Remand [ECF No. 22], and Plaintiff's Reply [ECF No. 25]. For the reasons explained in this order, I am granting Plaintiff's Motion to Remand.

### *I. BACKGROUND*

Plaintiff Wendy Sellers, as the personal representative of the estate of Matthew B. Sellers, filed this case in the Seventeenth Judicial Circuit in and for Broward County, Florida on February 26, 2010. Sellers brings suit against HRB Tax Group, Inc., H&R Block Tax and Business Services, Inc., H&R Block Eastern Enterprises, Inc., H&R Block Premium (collectively, "H&R Block"), Ron Eik and Patricia Chu (collectively with Eik, the "individual defendants"). Eik and Chu provided professional tax services as agents/employees of H&R Block. Plaintiff asserts five state law claims against all defendants: breach of contract (Count I), professional malpractice (Count II), breach of fiduciary duty (Count III), contractual indemnity (Count IV), and common law indemnity (Count V). Defendants removed the case to this Court

on April 1, 2010, based on diversity jurisdiction. Defendants argue that although Plaintiff and the individual defendants are citizens of the same state, Eik and Chu were fraudulently joined. Sellers filed this Motion to remand arguing that no fraudulent joinder exists and this Court lacks subject matter jurisdiction over the case.

## II. LEGAL STANDARD

Fraudulent joinder is a judicially created doctrine that allows a court to ignore the citizenship of non-diverse parties for purposes of diversity jurisdiction. *See Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). All questions of fact must be resolved in favor of the plaintiff. *See Id.* at 1323. Removal statutes should be construed narrowly. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 2001). Where parties disagree about jurisdiction, all uncertainties are resolved in favor of remand. *Id*.

## III. DISCUSSION

Plaintiff argues that this Court lacks diversity jurisdiction over the case because complete diversity does not exist. Defendants acknowledge that Plaintiff and the individual defendants are not diverse, but argue that they were fraudulently joined because there is no possible cause of action against them. After reviewing the complaint, I find that this case should be remanded because this court lacks jurisdiction.

Although Defendants claim that Plaintiff has not asserted a breach of contract claim against the individual defendants, the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal. *Legg*, 428 F.3d at 1322. Count I of the complaint alleges that "H&R Block, H&R Block Premium, and their agents Ron Eik and Patricia Chu breached the Contract in a variety of ways…" (Compl. at ¶ 45, ECF No. 1). In order to state a claim for breach of contract, Plaintiff must show that: 1) a contract exists, 2) the contract was breached, and 3) damage resulted from the breach. *See Beck v. Lazard Freres & Co*, 175 F.3d 913, 914 (11th Cir. 1999) (applying state law). In the Complaint, Plaintiff states that she contracted for professional tax services with H&R Block and the individual defendants, they breached the contract, and that she suffered damages flowing from the breach of contract. (Compl. ¶ 44.) Unless an exception applies, Plaintiff has stated an arguable claim against the individual defendants and I must remand to state court.

Defendants devote a single footnote to Plaintiff's breach of contract claim. (Def. Opp. Memo. of Law, n. 2, ECF No. 22). They argue that Plaintiff's breach of contract claim against the individual defendants is not properly asserted against the agents of a disclosed principal. One who acts in the capacity of an agent of a disclosed principal is not liable for claims arising out of a contract executed by the agent on behalf of the principal. *El Jordan v. Solymar, S. De R.L.*, 315 F. Supp. 2d 1355, 1363-64 (S.D. Fla. 2004) (citing *Chung v. Overseas Navigation Co.*, 774 F.2d 1043, 1056 (11th Cir. 1985)). But an agent may bind himself if he conducts himself in such a way as to indicate an intent to be bound. *Id.* at 1364. Given the facts before me, I cannot conclude that the individual defendants are excluded from Plaintiff's breach of contract claim. Construing all questions of fact in favor of Plaintiff, it is possible that either of the individual defendants acted in a way that indicated an intent to be bound. *See, e.g. Validsa, Inc. v. PDVSA Servs. Inc.*, 632 F. Supp. 2d 1219, 1240 (S.D. Fla. 2009) ("an agent of a disclosed principal can

be held liable for the acts of the principal where *specific circumstances and objective facts indicate the agent intended to be bound*") (emphasis added). Defendants did not meet the heavy burden of proving, by clear and convincing evidence, that no breach of contract claim against Chu and Eik exists. Because a possibility exists that Sellers will prove at least one claim against Eik and Chu, fraudulent joinder is inappropriate.

### *IV. CONCLUSION*

1. The Plaintiff's Motion to Remand [ECF No. 15] is **GRANTED**.

2. This case is remanded back to the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. Plaintiff's request for attorney's fees is denied.

**DONE AND ORDERD** in Chambers at Miami, Florida this 19th day of August 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*The Honorable Ted E. Bandstra*
*Counsel of Record*